HAWKINS, Senior Circuit Judge,
dissenting:
I would reverse and remand with instructions to re-open the record before the ALJ. For me, this appeal rises or falls on the strength of the ALJ’s adverse credibility determination. A central point of that determination is whether, as a part of making such a determination, the ALJ could properly rely on Merritt’s having missed treatment sessions. Here, the ALJ failed to question Merritt about his failure to attend counseling, leaving the record silent as to Merritt’s reasons for doing so. The ALJ then relied on Merritt’s having missed his treatment sessions in making his adverse credibility determination. This is contrary to the agency’s regulations (SSR 96-7p), which, while permitting the ALJ to make an adverse credibility determination based on a claimant’s failure to seek medical treatment, also contains important procedural safeguards: The ALJ is to ask the claimant why medical treatment was not sought and the ALJ must consider the claimant’s reasons for failing to do so.[1] This must be done before entering an adverse credibility determination on that basis. The ALJ’s failure to do what the agency’s own regulations require was error and cannot be fairly described as harmless.

. Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing The Credibility of an Individual’s Statements (July 2, 1996), 1996 WL 374186, at *7.